IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARK KITTRELL,<br><br>    Plaintiff,<br><br>v.<br><br>USAA INSURANCE AGENCY, INC.; DOES I-X; ROE CORPORATIONS I-X,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [16] DEFENDANT'S MOTION TO DISMISS**<br><br><br>Case No.: 2:20-cv-00538-DBB-CMR<br><br>Judge David Barlow |

Defendant USAA Casualty Insurance Company filed a 12(b)(6) motion to dismiss for failure to state a claim, arguing that (1) plaintiff Mark Kittrell failed to adequately plead intentional infliction of emotional distress and (2) punitive damages do not constitute a standalone claim and are unavailable because the remaining claims are contract-based and punitive damages are unavailable for contract claims.[1] Plaintiff opposes the motion[2] and Defendants have replied in support.[3]

---

[1] Defendant's Motion to Dismiss for Failure to State a Claim and Memorandum in Support as to Plaintiff's Third and Fourth Causes of Action (Motion), ECF No. 16, filed August 24, 2020.

[2] Memorandum in Opposition to Defendant's Motion to Dismiss (Opposition), ECF No. 20, filed September 14, 2020.

[3] Reply Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Third and Fourth Causes of Action (Reply), ECF No. 21, filed September 28, 2020.

## FACTS

A court considering a Rule 12(b)(6) motion accepts all well-pleaded allegations in the complaint as true, viewing them in the light most favorable to the nonmoving party.[4] Therefore, the facts as pleaded by the plaintiff are accepted as true here for purposes of Defendant's motion to dismiss.

Plaintiff Mark Kittrell was in a car accident with Mr. Brendan Empey.[5] Mr. Empey ran a red light and collided with Plaintiff's vehicle.[6] Plaintiff suffered serious injuries as a result of the accident, including both economic and non-economic damages—substantial damage to his vehicle, past and future medical expenses, pain and suffering, loss of past and future wages, loss of earning capacity, etc.[7]

Mr. Empey held a car insurance policy with Farm Bureau Financial Service.[8] The policy limit per individual on Mr. Empey's policy was $250,000 per individual, and Farm Bureau Financial Services paid $250,000 to Plaintiff to settle and resolve Plaintiff's claims against Mr. Empey.[9] Unfortunately, Plaintiff's damages exceeded that amount.[10]

---

[4] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[5] Amended Complaint at ¶¶ 7–8, ECF No. 11.

[6] *Id.*

[7] *Id.* at ¶ 11.

[8] *Id.* at ¶ 12.

[9] *Id.* at ¶¶ 12–13.

[10] *Id.* at ¶ 26.

Plaintiff, too, had a car insurance policy.[11] Plaintiff had a policy with defendant USAA Casualty Insurance Company ("Defendant") that included underinsured motorist coverage ("UIM coverage").[12] The UIM coverage obligated Defendant to pay Plaintiff for any and all underinsured damage suffered by Plaintiff to the extent the value of Plaintiff's damages exceeded a motorist's insurance limits.[13] Plaintiff's policy with Defendant had a limit of $1,000,000.[14] Plaintiff complied with all the conditions and requirements of the policy, including paying all required premiums.[15]

Defendant made an unconditioned offer to settle the UIM claim for $25,000, which Plaintiff refused.[16] However, Plaintiff demanded that Defendant tender the undisputed amount in accordance with U.C.A § 31A-22-305.3.[17] Defendant initially refused to tender the undisputed amount of $25,000, but since the filing of the original complaint, Defendant has tendered the funds.[18]

---

[11] *Id.* at ¶ 15.

[12] *Id.*

[13] Amended Complaint at ¶ 16.

[14] *Id.* at ¶ 17.

[15] *Id.* at ¶¶ 18–19.

[16] *Id.* at ¶¶ 21–22.

[17] *Id.* at ¶ 22.

[18] *Id.* at ¶¶ 22–23.

Plaintiff sued Defendant for (1) breach of contract under the UIM coverage, (2) breach of the implied covenant of good faith and fair dealing, (3) intentional infliction of emotional distress, and (4) punitive damages.[19]

Defendant moves the court to dismiss Plaintiff's third cause of action for intentional infliction of emotional distress and fourth cause of action for punitive damages.

## LEGAL STANDARDS

### 1.      Standard of Review

A court considering a Rule 12(b)(6) motion accepts all well-pleaded fact allegations in the complaint as true, viewing them in the light most favorable to the nonmoving party.[20] To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[21] "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[22]

However, this only applies to the fact allegations in the pleading. "[W]hen legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions.'"[23] Therefore, legal labels, conclusions, or a mere recitation of the elements of a cause of action will not suffice.[24]

---

[19] *See, generally,* Amended Complaint.

[20] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[21] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[22] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

[23] *Id.* (citing *Iqbal*, 556 U.S. at 678).

[24] *Id.* (citing *Twombly*, 550 U.S. at 555).

**2.      Intentional Infliction of Emotional Distress Standard**

To state a claim for intentional infliction of emotional distress, a plaintiff must allege

facts that demonstrate that the defendant:

> Intentionally engaged in some conduct toward the plaintiff, (a) with
> the purpose of inflicting emotional distress, or (b) where any
> reasonable person would have known that such would result; and his
> actions are of such a nature as to be considered outrageous and
> intolerable in that they offend against the generally accepted
> standards of decency and morality.[25]

Courts have defined behavior as "outrageous and intolerable" in the following ways: it

"must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair."[26]

Conduct "is not necessarily outrageous merely because it is tortious, injurious, or malicious, or

because it would give rise to punitive damages, or because it is illegal."[27] The Restatement

(Second) of Torts § 46, comment d, says that liability for intentional infliction of emotional

distress "clearly does not extend to mere insults, indignities, threats, annoyances, petty

oppressions, or other trivialities."[28] Courts are cautious in opening the door to recovery under

intentional infliction of emotional distress because "such claims . . . . are easy to assert and are

hard to defend against."[29]

---

[25] *Bennett v. Jones, Waldo, Holbrook & McDonough*, 2003 UT 9, ¶ 59, 70P.3d 17, 30 (quoting *Franco v. The Church of Jesus Christ of Latter-day Saints*, 2001 UT 25 ¶25, 21 P.3d 198).

[26] *Bennett*, at ¶ 64 (quoting *Franco*, 2001 UT 25 at ¶ 28).

[27] *Franco*, 2001 UT 25 at ¶ 28 (quoting 86 C.J.S. Torts § 70, at 722-23).

[28] Restatement (Second of Torts), §46, cmt. d.

[29] *Id.* at ¶ 59 (citing *Franco*, 2001 UT 25 at ¶ 25).

## DISCUSSION

### 1.   Plaintiff Failed to State a Claim for Intentional Infliction of Emotional Distress.

Defendant argues that Plaintiff's claim for intentional infliction of emotional distress should be dismissed because he has failed to plead sufficient facts to demonstrate that Defendant's conduct was extreme, outrageous, or intolerable to the level of offending generally accepted standards of decency and morality.

Plaintiff argues that his claim for intentional infliction of emotional distress has been adequately pleaded. He submitted a UIM coverage claim and complied with all his contractual and statutory obligations, but Defendant refused to comply with its statutory and contractual obligations in tendering the undisputed amount of $25,000.[30] The Amended Complaint further alleges that USAA's investigation and UIM coverage evaluation were "unfair," constituting "a reckless disregard of the probability of causing injury or severe emotional distress."[31]

These allegations are insufficient to state a plausible—not just a conceivable—claim that Defendant's actions were "outrageous and intolerable." Plaintiff's allegations are conclusory in nature and generally constitute a mere recitation of the elements of intentional infliction of emotional distress, which is not enough to withstand a motion to dismiss.[32] While plaintiffs are not required to pled with specificity all of the particulars of their claims, Plaintiff's Amended

---

[30]Amended Complaint at ¶¶ 15-23.

[31]Amended Complaint at ¶ 34.

[32] *See Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 677).

Complaint contains very few facts and many legal conclusions, which is simply not enough to meet the required plausibility standard.

*Ironshore Specialty Ins. Co. v. Callister, Nebeker & McCullough* is instructive.[33] The court pointed out that while the plaintiff claimed that the insurers acted with callous disregard for him, he had not pled sufficient facts supporting the legal conclusion, leading the court to hold "[t]hese bare allegations are insufficient to state a claim for intentional infliction of emotional distress upon which relief can be granted."[34] The court dismissed the claim.

The conduct alleged in Plaintiff's Third Cause of Action does not rise to the level of extreme and outrageous, as required to maintain a claim for intentional infliction of emotional distress under Utah law, at least not on the few facts alleged. Plaintiff alleges that Defendant's evaluation and investigation of his UIM coverage claim was "unfair," but for conduct to be considered "outrageous" under Utah law, the conduct must be *more* than unreasonable, unkind, or unfair.[35]

Additionally, illegality alone is not sufficient to save Plaintiff's pleading. The well-established legal standard is that conduct "is not necessarily outrageous merely because it is tortious, injurious, or malicious, or because it would give rise to punitive damages, or because it is *illegal*."[36] Violation of the statute, without more, does not necessarily constitute conduct that is "outrageous" in order to support a cause of action for intentional infliction of emotional distress.

---

[33] 2016 WL 633353 (D. Utah 2016) (unpublished).

[34] *Ironshore Specialty Ins. Co. v. Callister, Nebeker & McCullough*, 2016 WL 655553 at *8 (D. Utah 2016).

[35] *Bennett*, 2003 UT 9, ¶ 64.

[36] *Franco*, 2001 UT 25 at ¶28 (quoting 86 C.J.S. Torts §70, at 722-23) (emphasis added).

Of course, this does not mean that illegal conduct *cannot* be "outrageous" enough to satisfy the intentional infliction of emotional distress standard, but there are insufficient other facts pleaded to support Plaintiff's claim. The court also notes that Plaintiff cites no caselaw supporting his position.

Because Plaintiff's claim for intentional infliction of emotional distress is not supported by enough well-pleaded facts to make it plausible, it is dismissed without prejudice.

**2.      Plaintiff's Punitive Damages Claim Must Be Dismissed.**

Defendant argues that Plaintiff's Fourth Cause of Action for punitive damages should be dismissed, with prejudice, because (1) punitive damages are not a standalone cause of action and (2) punitive damages are unavailable as a remedy for Plaintiff's remaining claims of breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff admits in his memorandum that punitive damages are not an independent cause of action, which is correct.[37] Accordingly, Plaintiff's Fourth Cause of Action must be dismissed with prejudice.

Plaintiff's remaining causes of action—breach of contract and breach of the implied covenant of good faith and fair dealing—sound in contract law.[38] Defendant argues that punitive damages are unavailable for contract claims, and thus Plaintiff is barred from seeking punitive damages entirely.

---

[37] *See, e.g., Norman v. Arnold*, 2002 UT 81, ¶ 8 n.2 ("While the Normans pleaded punitive damages as a separate cause of action, we note that punitive damages cannot be pleaded as an independent cause of action. As a remedy, it must be requested in conjunction with a cognizable cause of action.").

[38] *E.g., Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 800 (1985) ("[I]n a first-party relationship between an insurer and its insured, the duties and obligation of the parties are contractual rather than fiduciary. Without more, a breach of those implied or express duties can give rise only to a cause of action in contract, not one in tort.").

This is the general rule under Utah law.[39] As stated in *Cook Assocs., Inc. v. Warnick*,[40] "[i]t is settled as a general rule . . . that a plaintiff cannot recover punitive damages for a breach of contract." Plaintiff has not identified any reason why the general rule would not apply here and, again, provides no caselaw support for his position.[41]

Because Plaintiff's remaining claims are contract-based and punitive damages generally are unavailable for contract-based claims, Plaintiff has not provided a basis for seeking punitive damages.

## CONCLUSION

Therefore, the Defendant's Motion to Dismiss is GRANTED. Plaintiff's Third Cause of Action is DISMISSED WITHOUT PREJUDICE. Plaintiff's Fourth Cause of Action is DISMISSED WITH PREJUDICE.

DATED this 3rd day of December, 2020.

BY THE COURT:

_____
Judge David Barlow

---

[39] *Smith v. Grand Canyon Expeditions Co.*, 2003 Utah 57, ¶ 29, 84 P.3d 1154 ("The trial court properly stated that punitive damages are recoverable only for torts, not for breach of contract."); *Jorgensen v. John Clay & Co.*, 660 P.2d 229, 232 (Utah 1983) ("The general rule is that punitive damages cannot be awarded for a breach of contract.")

[40] 664 P.2d 1161, 1167 (Utah 1983).

[41] In his Opposition, Plaintiff cites a "Second Amended Complaint," but no Second Amended Complaint has been filed, nor has the required motion for leave to file an amended complaint been received by the court.